**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* Hilary Moore and **HILARY MOORE**, individually, <br><br> Plaintiffs, <br> v. <br><br> **CAROLINA PHYSICAL THERAPY AND SPORTS MEDICINE, LIMITED PARTNERSHIP**; **CPT HOLDINGS, INC.**; **CHRISTOPHER BALLEW**; and **JAMES CATES**, <br><br> Defendants. | **DOCKET NO.** 3:17-cv-01952-CMC <br><br> **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff and *qui tam* Relator Hilary Moore, by and through her undersigned counsel David Aylor Law Offices and the JTB Law Group, LLC, alleges of personal knowledge as to her own observations and actions, and on information and belief as to all else, as follows:

**I.
PRELIMINARY STATEMENT**

1. Relator Hilary Moore brings this *qui tam* action on behalf of the United States of America (the "Government") under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA"), and the common law to recover treble the damages actually sustained by, and civil penalties and restitution owed to, the United States as a result of a scheme by Carolina Physical Therapy and Sports Medicine, Limited Partnership; CPT Holdings, Inc.; Christopher Ballew; and James Cates (collectively "Defendants") to commit fraud.

2. Specifically, Defendants have knowingly submitted claims for payment to Medicare and obtained reimbursement from Medicare for physical therapy services and

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

treatments that were provided by persons who are not licensed or otherwise qualified to provide such services and treatments.

3. By means of this scheme, Defendants have defrauded and continue to defraud the Government of hundreds of thousands and perhaps several millions of dollars.

4. In order to effectuate this scheme, Defendants knowingly (a) caused to be presented or presented false claims to Medicare; (b) made or caused to be made or used false records or statements material to these false claims; and (c) conspired to cause these claims to be presented and/or these records or statements to be made or used, causing Medicare to pay hundreds of thousands and perhaps several millions of dollars in reimbursements that should not have been paid.

5. This Complaint has been filed *in camera* and under seal pursuant to 31 U.S.C. § 3730(b)(2). It will not be served on Defendants unless and until the Court so orders. A copy of the Complaint, along with written disclosure of substantially all material evidence and information that Relator possesses, has been served upon the Attorney General of the United States and on the United States Attorney for the District of South Carolina, pursuant to 31 U.S.C. § 3730(b)(2) and Fed. R. Civ. P. 4(d).

## II.
## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.* (as amended), a federal statute.

7. The Court has subject matter jurisdiction over the common law claim pursuant to 28 U.S.C. § 1345.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

8. The Court has personal jurisdiction over Defendants because Defendants (a) are residents of, and are licensed to transact and do transact business in, this District; and (b) have carried out their fraudulent scheme in this District.

9. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391 (b)(2), because Defendants can be found in, are licensed to do business in, and transact or have transacted business in this District, and events and omissions that give rise to these claims have occurred in this District. This District is the locus of the fraud.

10. The Complaint has been filed within the period prescribed by 31 U.S.C. § 3731(b).

## III.
## NO PUBLIC DISCLOSURE;
## DIRECT AND INDEPENDENT KNOWLEDGE
## OF VIOLATIONS OF THE FALSE CLAIMS ACT

11. There has been no public disclosure, relevant under 31 U.S.C. § 3730(e), of the "allegations or transactions" in this Complaint.

12. Relator makes the allegations in this Complaint based on her own knowledge, experience and observations.

13. Relator is the original source of the information on which any allegations herein might be based, has direct and independent knowledge of such information, and has voluntarily disclosed such information to the United States before filing this action.

## IV.
## THE PARTIES

**A.  Plaintiff the United States**

14. Plaintiff the United States of America brings this action by and through Relator Hilary Moore. At all times relevant to this Complaint, the United States, acting through the

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

Centers for Medicare & Medicaid Services ("CMS"),[1] has reimbursed Defendants for the provision of various physical therapy and related services and treatments to eligible individuals through the Medicare program. Thus, the United States brings this action on behalf of its agencies, CMS and HHS, and on behalf of the Medicare program.

**B.     Plaintiff and Relator Hilary Moore**

15.     Relator Moore also brings this action on behalf of herself and the United States.

16.     Moore is a citizen of the United States and, at all relevant times, has been a resident of Sumter County, South Carolina.

17.     Moore worked for Defendants from approximately May 2016 until May 18, 2017 as a receptionist and scheduler at Defendants' facility located at 75 W. Westmark Blvd., Sumter, SC 29150.

18.     As an employee of Defendants, Relator Moore observed Defendants' violations of the False Claims Act and other federal statutes and regulations.

**C.     Defendants**

19.     Defendant Carolina Physical Therapy and Sports Medicine, Limited Partnership ("Carolina Physical Therapy") is a limited partnership formed and existing under the laws of the State of Texas.

20.     Carolina Physical Therapy is headquartered at 141 Atrium Way, Columbia, SC 29223.

21.     Defendant CPT Holdings, Inc. ("CPT") is a corporation formed and existing under the laws of the State of South Carolina.

---

[1] CMS was formerly known as the Health Care Financing Administration, within the United States Department of Health and Human Services ("HHS").

22. CPT's registered agent's address is 115 Atrium Way, Columbia SC 29233.

23. On information and belief, Defendants Carolina Physical Therapy and CPT are a single joint enterprise.

24. On information and belief, Defendants Christopher Ballew and James Cates are the owners of Defendants Carolina Physical Therapy and CPT.

25. On information and belief, during all times relevant herein, the majority of Defendants' patients have been Medicare beneficiaries.

26. Relator personally observed numerous instances of the violations alleged herein.

## V.
## DEFENDANTS' FRAUDULENT ACTS

**A.     Defendants Obtained Reimbursement for Services
         Provided by Individuals Not Licensed to Provide Such Services**

27. Defendants operate multiple outpatient clinics that provide services including physical therapy.

28. In violation of federal laws, regulations, and guidelines, Defendants billed Medicare for physical therapy services that were furnished to Medicare beneficiaries by aides who are not licensed to furnish such services.

29. 42 C.F.R. § 485.705 provides:

> [A]ll personnel who are involved in the furnishing of outpatient physical therapy ... must be legally authorized (licensed or, if applicable, certified or registered) to practice by the State in which they perform the functions or actions ....

*Id.* at subpart (a); *see also* 42 C.F.R. § 484.4 (establishing the qualifications for physical therapists and physical therapist assistants).

30. South Carolina law prohibits individuals who are not licensed as physical therapists or physical therapist assistants from providing physical therapy:

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

> A person shall not engage in the practice of physical therapy without a license issued in accordance with this chapter. A person who practices as a physical therapist or as a physical therapist assistant without being licensed ... is subject to the penalties provided in this chapter.

S.C. Code Ann. § 40-45-30.

31. Medicare benefits guidelines prohibit providers from billing for physical therapy services provided by aides:

> **Services provided by aides, even if under the supervision of a therapist, are not therapy services and are not covered by Medicare.** Although an aide may help the therapist by providing unskilled services, those services that are unskilled are not covered by Medicare and shall be denied as not reasonable and necessary if they are billed as therapy services.[2]

32. CMS guidelines also provide:

> You **cannot** bill Medicare for the services of an aide that is supervised by the therapist or therapy assistant. Medicare Part B does not pay for the services provided by aides regardless of the level of supervision. Medicare pays only for skilled, medically necessary services delivered by qualified individuals, including therapists and appropriately supervised therapy assistants.[3]

33. Despite these laws and regulations, most of the physical therapy and other "skilled" services that patients received at Defendants' Westmark Blvd. location during Relator's tenure were provided by unlicensed physical therapy aides.

34. In Relator's experience, for a typical one-on-one 60-minute therapy session at Defendant's Westmark Blvd. location, a patient would spend 15 minutes or less with a licensed therapist or therapist assistant.

---

[2] Medicare Benefit Policy Manual, Chapter 15 § 230.1(C), *available at* https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/downloads/bp102c15.pdf (last accessed July 7, 2017) (emphasis added).

[3] *Available at* https://www.cms.gov/Medicare/Billing/TherapyServices/downloads/11_Part_B_Billing_Scenarios_for_PTs_and_OTs.pdf (last accessed July 7, 2017).

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

35. For the remainder of the 60-minute session, the patient was treated by an unlicensed aide. Nevertheless, Defendants would submit claims for payment to Medicare for the entirety of the 60-minute therapy session, as if the session had been performed wholly by a licensed therapist or therapist assistant.

36. Using this scheme, a single therapist or therapist assistant was able to bill for multiple simultaneous therapy sessions when in fact unlicensed aides were providing the services. For instance, it was not uncommon for a single therapist to bill for four 60-minute therapy sessions in a single hour.

37. Defendants' fraudulent practice was so rampant that when Relator asked numerous patients to identify their therapist, the patients would instead identify an unlicensed aide.

38. A patient sometimes would complete a 60-minute therapy session without a single interaction with a licensed therapist or therapist assistant.

39. To conceal this scheme from CMS audits, Defendants instructed Relator to schedule patients so that no licensed therapist or therapist assistant was assigned more than one Medicare beneficiary within the same hour – even though the therapist or therapist assistant would still be scheduled with multiple private-insurance patients during that hour.

40. It sometimes happened that multiple Medicare beneficiaries were assigned to the same therapist or therapist assistant simultaneously. In those instances, Defendants billed Medicare as if each patient had the undivided attention of a therapist or therapist assistant.

41. Relator directly observed the practices described above at Defendants' Westmark Blvd. location. From conversations with employees at Defendants' other facilities, Relator believes that the same practices were followed at all of Defendants' facilities.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

42. Relator further believes that these practices were followed for at least the six years prior to the filing of this Complaint.

43. On information and belief, these practices are still being followed by Defendants today.

## VI.
## THE STATUTORY FRAMEWORK

**A.     The False Claims Act**

44. The False Claims Act, 31 U.S.C. §§ 3729 (the "FCA"), reflects Congress's objective to "enhance the Government's ability to recover losses as a result of fraud against the Government." S. Rep. No. 99-345, at 1 (1986). As relevant here, the FCA establishes treble damages liability for an individual or entity that:

> a. "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(l) (2000) and, as amended, 31 U.S.C. § 3729(a)(l)(A);
>
> b. "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim, *id.* § 3729(a)(l)(B); or
>
> c. "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid," *id.* § 3729(a)(3)(1986), and, as amended, 31 U.S.C. § 3729(a)(l)(C).[4]

45. "Knowing," within the meaning of the FCA, is defined to include reckless disregard and deliberate indifference. *Id.*

46. In addition to treble damages, the FCA also provides for assessment of a civil penalty for each violation or each false claim.[5]

---

[4] On May 20, 2009, the False Claims Act was amended pursuant to Public Law 111-21, the Fraud Enforcement and Recovery Act of 2009 ("FERA"). Section 3729(a)(l)(B) was formerly Section 3729(a)(2), and is applicable to Defendant's conduct for the entire time period alleged herein by virtue of Section 4(f) of FERA, while Sections 3279(a)(l) and 3279(a)(3) of the FCA prior to FERA, and as amended in 1986, remain applicable here for conduct predating the effective date of FERA.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

47. Finally, the FCA also provides for payment of a percentage of the Government's recovery to a private individual who brings suit on behalf of the Government (the "Relator") under the FCA. *See* 31 U.S.C. § 3730(d).

**B.    The Medicare Program**

48. In 1965, Congress enacted Title XVIII of the Social Security Act, known as the Medicare program, to pay for certain healthcare services provided to certain segments of the population. Entitlement to Medicare is based on age, disability, or affliction with end-stage renal disease. *See* 42 U.S.C. §§ 1395 *et seq*.

49. HHS, through CMS, administers the Medicare program.

50. Part B of the Medicare program authorizes payment of federal funds for medical and other health services, including physical therapy services such as those provided by Defendants. *See generally* Medicare Benefit Policy Manual *at* Chapter 15,[6] *and see specifically id.*, § 220, 230.

51. Medicare Part B is funded in part by insurance premiums paid by enrolled Medicare beneficiaries and contributions from the federal treasury. Eligible individuals who are age 65 or older, disabled, or suffering from end-stage renal disease may enroll in Part B to obtain benefits in return for payments of monthly premiums as established by HHS. 42 U.S.C. §§ 1395j, 1395o, 1395r.

52. CMS enters into agreements with healthcare providers such as Defendants to

---

[5] FCA civil penalties are $5,500 to $11,000 for violations occurring on or after September 29, 1999, such as those alleged herein, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, 28 U.S.C. § 2461 (notes) and 64 Fed. Reg. 47099, 47103 (1999).

[6] *Available at*
 https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/downloads/bp102c15.pdf (last accessed June 7, 2017).

9

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

establish their eligibility to participate in the Medicare program. Individuals or entities who are participating providers in Medicare, such as Defendants, may seek reimbursement from CMS for services rendered to patients who are program beneficiaries.

53. During the times relevant herein, to become an authorized participant in Part B of the program, a provider must certify as follows:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier. … I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions …, and on the supplier's compliance with all applicable conditions of participation in Medicare.

Medicare Enrollment Application, CMS Form-855B (07/11), at 31.[7]

54. In order to receive reimbursement from Medicare, providers such as Defendants must submit a claim form. *See* Form CMS-1500, attached hereto as **Exhibit A**.[8] That claim form requires the provider to make the following certification:

> In submitting this claim for payment from federal funds, I certify that: 1) ***the information on this form is true, accurate and complete*** … 3) I have provided or will provide sufficient information required to allow the government to make an informed eligibility and payment decision; 4) ***this claim, whether submitted by me or on my behalf by my designated billing company, complies with all applicable Medicare and/or Medicaid laws, regulations, and program instructions for payment*** ... 5) ***the services on this form were medically necessary*** ….

*Id.*, at 2 (emphasis added).

55. The submission of such a certification, if false, is a violation of the FCA. 31 U.S.C. § 3729(a).

---

[7] *Available* at https://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms855b.pdf (last accessed July 7, 2017).

[8] Exhibit A is a true and correct copy of Form CMS-1500 (approved OMB-0938-1197 form 1500 (02-12)), *available at* https://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/downloads/cms1500.pdf (last accessed June 7, 2017).

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

56.     Each such false certification is a separate violation of the FCA.

## VII.
## FIRST CLAIM FOR RELIEF
## FEDERAL FALSE CLAIMS ACT: PRESENTATION OF FALSE CLAIMS

57.     Relator repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

58.     Throughout the statutory period, Defendants presented claims for services that had been provided by individuals who were not licensed to perform such services.

59.     For each of Defendants' claims, Defendants certified that the claim complied with all applicable Medicare laws, regulations, and instructions for payment.

60.     Each certification presented with Defendants' claims was factually false because applicable Medicare laws, regulations, and instructions for payment prohibit billing Medicare for therapy services performed by unlicensed aides.

61.     Accordingly, Defendants knowingly presented false or fraudulent claims to CMS for payment in violation of 31 U.S.C. § 3729(a)(l) (2000), and, as amended, 31 U.S.C. § 3729(a)(l)(A).

62.     The submission by Defendants of these false claims and certifications caused the Government, through its agency CMS and that agency's Medicare program, to pay out sums that it would not have paid if CMS had been made aware of the falsity of Defendants' claims and certifications.

63.     Each false or fraudulent claim submitted to the United States is a separate violation of the FCA.

64.     By reason of the false or fraudulent claims that Defendants knowingly presented, the United States has been damaged, and continues to be damaged, in a substantial amount to be

proven at trial. Relator therefore respectfully requests an order awarding the United States treble damages plus a civil monetary penalty for each violation, and awarding Relator the maximum award permitted under 31 U.S.C. § 3730(d).

## VIII.
## SECOND CLAIM FOR RELIEF
## FEDERAL FALSE CLAIMS ACT: MAKING OR USING
## FALSE RECORD OR STATEMENT TO CAUSE FALSE CLAIM TO BE PAID

65. Relator repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

66. As described above, throughout the statutory period, Defendants knowingly and falsely certified, stated, and/or represented that, in seeking reimbursement for services and treatments that had been provided by unlicensed individuals, Defendants were in full compliance with applicable federal and state laws, including but not limited to 42 U.S.C. § 1320c-5.

67. As described above, Defendants used false records and statements when they submitted these claims for reimbursement.

68. Accordingly, Defendants knowingly used false records or statements material to false or fraudulent claims to CMS for payment in violation of 31 U.S.C. § 3729(a)(l)(B).

69. The submission by Defendants of these false records or statements caused the Government, through its agency CMS and through that agency's Medicare program, to pay out sums that it would not have paid if CMS had been made aware of the falsity of Defendants' records or statements.

70. Each submission of a false record or statement is a separate violation of the FCA.

71. By reason of the false or fraudulent records or statements that Defendants knowingly submitted, the United States has been damaged, and continues to be damaged, in a substantial amount to be proven at trial. Relator therefore respectfully requests an order awarding

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

the United States treble damages plus a civil monetary penalty for each violation, and awarding Relator the maximum award permitted under 31 U.S.C. § 3730(d).

## IX.
## THIRD CLAIM FOR RELIEF
## FEDERAL FALSE CLAIMS ACT: CONSPIRING TO SUBMIT FALSE CLAIMS

72. Relator repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

73. As set forth above, Defendants conspired with each other to seek and obtain from CMS reimbursement for services and treatments that had been provided by unlicensed individuals.

74. Accordingly, Defendants knowingly conspired to defraud the Government by getting false or fraudulent claims allowed or paid, in violation of 31 U.S.C. § 3729(a)(3) (1986), and conspired to commit violations of 31 U.S.C. §§ 3729(a)(1)(A) and 3729(a)(1)(B), in violation of 31 U.S.C. § 3729(a)(1)(C) (2009).

75. By reason of the false or fraudulent claims that Defendants conspired to get allowed or paid, or by reason of their conspiracy to violate 31 U.S.C. §§ 3729(a)(1)(A) and 3729(a)(1)(B), the United States has been damaged, and continues to be damaged, in a substantial amount to be proven at trial. Relator therefore respectfully requests an order awarding the United States treble damages plus a civil monetary penalty for each violation, and awarding Relator the maximum award permitted under 31 U.S.C. § 3730(d).

## X.
## FOURTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT

76. Relator repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

77. As set forth above, the Government issued Medicare reimbursements to Defendants based on false or fraudulent claims for services and treatments that were provided by unlicensed individuals.

78. The circumstances of Defendants' receipt of these monies from the Government, in an amount to be determined at trial, are such that, in equity and in good conscience, Defendants should not be permitted to retain such monies.

79. By reason of Defendants' unjust enrichment, Relator respectfully requests an order requiring Defendants to disgorge all monies Defendants earned as a result of the illicit scheme described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator respectfully requests that this Court enter judgment in her favor and that of the United States, and against Defendants, granting the following:

(A) On the First, Second, and Third Claims for Relief (violations of the FCA, 31 U.S.C. §§ 3729(a)(l), 3729(a)(2), and 3729(a)(3), and, as amended, 31 U.S.C. §§ 3729(a)( l)(A), 3729(a)(l)(B), and 3729(a)(l)(C)), an award to the United States for treble its damages, in an amount to be determined at trial, plus a penalty in the amount of $11,000 for each false claim submitted in violation of the FCA;

(B) On the First, Second, Third and Fourth Claims for Relief, an award to the United States for its costs pursuant to 31 U.S.C. § 3729(a)(3);

(C) On the First, Second, and Third Claims for Relief, an award to Relator in the maximum amount permitted under 31 U.S.C. § 3730(d);

(D) On the Fourth Claim for Relief (Unjust Enrichment); an award for the damages sustained by the United States, and amounts of monies illegally obtained from the United States and retained by Defendants, plus interest, costs, and expenses;

(E) And on all Claims for Relief,

1. An award to Relator of the reasonable attorneys' fees, costs, and expenses she incurred in prosecuting this action;

2. Awards to the United States and to Relator for their costs of court;

14

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

3. Awards to the United States and to Relator for pre- and post-judgment interest at the rates permitted by law; and

(F)   An award of such other and further relief as this Court may deem to be just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Relator demands trial by jury on all questions of fact raised by the Complaint.

Dated: July 21, 2017

> Respectfully submitted,
>
> **DAVID AYLOR LAW OFFICES**
>
> */s/ David Aylor*
> David Aylor (SC Bar No. 10343)
> 24 Broad Street
> Charleston, SC 29401
> (843) 310-4900 (office)
> (843) 577-9204 (fax)
> *david@davidaylor.com*
>
> **JTB LAW GROUP, LLC**
>
> */s/ Jason T. Brown*
> Jason T. Brown
>     (*pro hac vice* application forthcoming)
> Patrick S. Almonrode
>     (*pro hac vice* application forthcoming)
> (877) 561-0000 (office)
> (855) 582-5297 (fax)
> *jtb@jtblawgroup.com*
> *patalmonrode@jtblawgroup.com*
>
> *Attorneys for Relator Hilary Moore*

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 21, 2017, I caused a true copy of the Complaint in the matter captioned *United States of America ex rel. Hilary Moore v. Carolina Physical Therapy and Sports Medicine, Limited Partnership, et al.* to be served upon the following, along with written disclosure of substantially all material evidence and information possessed by Relator:

*by hand delivery to*

Beth Drake
United States Attorney
District of South Carolina
Wells Fargo Building
1441 Main Street Suite 500
Columbia, SC 29201

*by USPS Registered Mail, Return Receipt Requested, to*

Office of the Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

*JeRai Green*
_____
LOCAL